Agnes B. DERICKSON, Individually and as the Executrix of the estate of Allen B. Derickson, deceased, Defendant Below, Appellant,

v.

J. Horace DERICKSON, Jr., Plaintiff Below, Appellee.

Supreme Court of Delaware.

Aug. 24, 1971.

B. Wilson Redfearn, and Stephen P. Casarino, of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellant.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERMANN, JJ., sitting.

CAREY, Justice:

This is an appeal from an order of the Court of Chancery impressing an equitable trust upon a one-half interest in two parcels of land in favor of J. Horace Derickson, Jr., the appellee. The appellant, Agnes Derickson, is the widow and devisee of Allen Derickson, deceased, who was a brother of the appellee.

Briefly, the facts are as follows: In the early 1930's, the father of these men was in financial trouble, and in order to meet his debts, several parcels of his land had to be sold at Sheriff's sale. According to the appellee, the property which is the subject matter of this lawsuit, on which the farm house was situated, was not sold at that sale because Allen and he had arranged with the bank to protect the property. The appellee testified that the homestead was not sold because the two sons provided the funds required by the bank to release these

tracts. Horace further stated that subsequently the title of the property was transferred to Allen alone. This was done at Horace's request because he owed money to Pennsylvania creditors * and did not want to run the risk of having this property subjected to a lien. A third brother, Lloyd Derickson, not a party to this suit, confirmed this account of the transaction. The appellant had no personal knowledge whatever of the transaction, and apparently had always understood that her husband was the sole owner.

There are differences between the documentary evidence and the testimony presented before the trial Court as to the sharing of expenses by the two brothers, the chronological order of events relating to the recording of the deed in Allen's name alone, and other incidental items. There is no need, however, to attempt a reconciliation of these discrepancies.

The testimony of Horace, confirmed by Lloyd, to the effect that the property was transferred to Allen alone in order to prevent Horace's creditors from reaching it, compels reversal of the trial Court's decision under the law set forth in Haggerty v. Wilmington Trust Co., 22 Del. Ch. 152, 194 A. 134 (1937). See Rentoul v. Sweeney, 15 Del.Ch. 302, 137 A. 74 (1927); 4 Powell on Real Property § 594. Those cases stand for the proposition that, where a debtor purchases property which he causes to be conveyed to another for the purpose of hindering and delaying creditors, he has unclean hands and is not entitled to relief in a court of equity. This point was raised but not decided by the trial Court.

Appellee gives several reasons why this rule should not be applied in this case. He first suggests that the real motivation for putting the title in Allen's name was to protect their parents. That was the reason for buying the property; according to appellee's own testimony, however, the reason for omitting his name from the deed was to conceal his ownership from his creditors. The fact that the creditors were domiciled in another state is of no importance.

Appellee also contends that Horace had no actual intent to cheat his creditors and, in fact, has since paid the debts. This same contention was overruled in the *Haggerty* case, *supra*, in these words: "That sort of thing, the law pronounces to be fraudulent, however honest may be the hopes and future intentions of the debtor."

The judgment below must be reversed.

* One creditor had obtained a judgment in Pennsylvania.